# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DISCOUNT PAYMENT PROCESSING, INC., | ) ) | |
| Plaintiff, | ) ) | 2:10-cv-1236 |
| v. | ) ) | |
| APPLIED CARD SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

December 17, 2010

Presently pending before the Court for disposition is the PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE, with brief in support, filed by Defendant (*Document Nos. 7 and 8*), the MEMORANDUM OF LAW IN OPPOSITION filed by Plaintiff (*Document No. 14*), and the REPLY BRIEF filed by Defendant (*Document No. 18*).

After careful consideration of the motion, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law, and the record as a whole, the partial motion to dismiss filed by Defendant will be denied.

**Factual Background**

The following facts are taken from the Complaint. Defendant, Applied Card Systems, Inc., is in the business of selling merchant credit card payment accounts and processing services to merchants and managing the resulting portfolio of such accounts ("Portfolio Assets"). In June, 2010, the parties entered into a Letter of Intent, which set forth an agreement between the parties to explore the possibility of Defendant purchasing for $8,500,000.00 Plaintiff's Portfolio Assets, including the monthly revenue streams from certain unspecified credit card accounts.

Defendant was granted an exclusive period of time, specifically through July 16, 2010, within which to conduct and complete its due diligence review. Closing of the transaction was to occur on or about July 31, 2010.

The Letter of Intent also provided that Defendant "may terminate this Letter of Intent at any time by sending notice of such termination to [Plaintiff] by no later than 5:00 P.M. Eastern Daylight Time on the expiration date of the Due Diligence Period. . . . However, upon expiration of the Due Diligence Period, [Defendant] shall be obligated to close the transaction as outlined herein." According to the Complaint, eleven (11) days after the Due Diligence termination had expired, Defendant advised Plaintiff that it would not be proceeding with the purchase of the Portfolio Assets.

On August 11, 2010, Plaintiff demanded in writing that Defendant complete the transaction in accordance with the terms of the Letter of Intent. Despite such demand, Defendant has failed and refused to consummate the transaction under the Letter of Intent and has failed and refused to pay the Purchase Price to Plaintiff .

On September 17, 2010, Plaintiff filed the instant lawsuit in which alleges that Defendant's decision not to purchase the Portfolio Assets was a breach of the Letter of the Intent. In the First Claim for Relief of the Complaint, Plaintiff seeks the equitable remedy of specific performance and requests that the Court order Defendant to complete the transaction in accordance with the terms of the Letter of Intent. In the Second Claim for Relief of the Complaint, Plaintiff seeks "[i]n the alternative, in the event that the Court finds that [Plaintiff ] is not entitled to a decree of specific performance . . . then [Plaintiff] shall be entitled to recover money damages against [Defendant] as and for [Defendant's] breach of the [Letter of Intent]."

Defendant requests that Plaintiff's equitable claim for specific performance be dismissed pursuant to Federal Rule of Civil 12(b)(6) because Plaintiff has an adequate remedy at law. In the alternative, Defendant requests that Plaintiff's claim for specific performance be stricken pursuant to Federal Rule of Civil Procedure 12(f).

## Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation is to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alterations in original)).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id*. Although the Court "must accept all of the complaint's well-pleaded facts as true, (it) may disregard any legal conclusions." *Id*. at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible

3

claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (*citing Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss." *Fowler*, 578 F.3d at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (*quoting Iqbal*, 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Philips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Philips*, 515 F.3d at 231 (*citing Twombly*, 550 U.S. at 553).

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such motions to strike are generally not favored by the courts. *Allegheny County*

*Sanitary Auth. v. U.S.E.P.A.*, 557 F. Supp. 419, 426 (W.D. Pa. 1983), *aff'd*, 732 F.2d 1167 (3d Cir. 1984). "The standard for striking under Rule 12(f) is strict." *In re Catanella and E.F. Hutton and Co.*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984). " '[O]nly allegations that are so unrelated to plaintiff's claims as to be unworthy of any consideration . . . should be stricken.' " *Id.* (quoting *EEOC v. Ford Motor Co.*, 529 F. Supp. 643, 644 (D. Colo. 1982)).

## Discussion

The Court acknowledges that for a seller to obtain specific performance, the seller must demonstrate that the uniqueness of goods precludes a remedy in damages. *Glenn Distributors Corp. v. Carlisle Plastics, Inc.*, 297 F.3d 294, 303 (3d Cir. 2002). That the plaintiff may have to eventually demonstrate the inadequacies of damages, however, does not mean that it must demonstrate this at the pleading stage. "Although specific performance is an appropriate remedy only if damages are impracticable or inadequate, [p]laintiffs may plead alternative theories requesting damages and specific performance until discovery may better elucidate which remedy, if any is appropriate." *Preferred Real Estate Invs., Inc. v. Edgewood Props. Inc.*, No. 06-4266, 2007 WL 81881, at *4 (D.N.J. Jan.9, 2007). It is clear that what Plaintiff seeks in its First Claim for Relief is specific performance as a remedy for an alleged breach of the Letter of Intent. It is also clear that Plaintiff will not be entitled to this remedy unless it is able to establish that Defendant breached the Letter of Intent, and that there is no adequate remedy at law.

The Plaintiff, in the Complaint, alleges that "[d]ue to the unique nature of the Portfolio Assets, [Plaintiff] has no adequate remedy at law and is entitled to judgment directing [Defendant] to specifically perform its obligations under the Agreement." Complaint, at ¶ 21. While the Court may have to eventually determine whether specific performance is appropriate,

the Court finds that the Plaintiff's allegations as pled are sufficient to survive a motion to dismiss.

## Conclusion

For the hereinabove reasons, the Partial Motion to Dismiss Or, In The Alternative, Motion to Strike will be denied. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DISCOUNT PAYMENT PROCESSING, INC., | ) ) | |
| Plaintiff, | ) ) | 2:10-cv-1236 |
| v. | ) ) | |
| APPLIED CARD SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW,** this 17th day of December, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Partial Motion to Dismiss Or, in the Alternative, Motion to Strike filed by Defendant, Applied Card Systems, Inc., is **DENIED**.

It is further **ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant shall file an answer to Plaintiff's Complaint on or before **December 31, 2010**.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: James W. Pfeifer, Esquire
McGuireWoods, LLP
Email: jpfeifer@mcguirewoods.com

F. Michael Ostrander, Esquire
Woods Oviatt Gilman LLP
Email: mostrander@woodsoviatt.com

Warren B. Rosenbaum, Esquire
Woods Oviatt Gilman LLP
Email: wrosenbaum@woodsoviatt.com

K. Issac deVyver, Esquire
Reed Smith
Email: kdevyver@reedsmith.com