# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DISCOUNT PAYMENT PROCESSING, INC., )
                                                              )
      Plaintiff,                                )        2: 10-cv-1236
                                                              )
       v.                                        )
                                                               )
APPLIED CARD SYSTEMS, INC.,          )
                                                              )
      Defendant.                              )

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court is the MOTION TO INTERVENE OF PORTFOLIO SPECIALITIES LLC, with brief in support (Document No. 35), the OPPOSITION TO PORTFOLIO SPECIALITIES, LLCS MOTION TO INTERVENE filed by Defendant Applied Card Systems, Inc. (Document No. 39), and the RESPONSE TO PORTFOLIO SPECIALITIES, LLCS MOTION TO INTERVENE filed by Plaintiff Discount Payment Processing, Inc. (Document No. 41), in which Plaintiff states that it does not oppose the Motion to Intervene.

### Factual and Procedural History

On September 17, 2010, Plaintiff, Discount Payment Processing, Inc., filed the instant lawsuit in which it alleges that the decision of Defendant, Applied Card Systems ("Applied Card"), not to got forward with an asset purchase was a breach of a Letter of Intent entered into between the parties. Plaintiff contends that the Letter of Intent constitutes a binding contract between the parties. Plaintiff requests an order of specific performance which would require Applied Card to proceed forward with the transaction or, in the alternative, Plaintiff seeks damages for Applied Card's alleged breach of the Letter of Intent. Applied Card argues that

there was never a binding contract between the parties because the parties never agreed to terms on, *inter alia*, a final purchase agreement.

Discovery in this matter was scheduled to close on July 8, 2011. A mediation session was held in this matter on June 30, 2011, and the discovery deadline was extended to August 12, 2011. On July 13, 2011, the Court was informed that the mediation was not successful and the case did not settle.

On July 5, 2011, Portfolio Specialities, LLC ("Portfolio Specialities") filed the instant Motion to Intervene. The matter has been fully briefed and is ripe for disposition.

## Discussion

Portfolio Specialties moves for both mandatory and permissive intervention under Rule 24. According to the proposed Intervenor Complaint, prior to the "agreement" between Plaintiff and Applied Card, Applied Card "solicited the services of Portfolio Specialties requesting that Portfolio Specialties locate Portfolio Assets suitable for acquisition." Portfolio Specialties alleges that it is entitled to a brokerage fee for its services from Allied Card as it referred to Allied Card a " 'ready, willing and able' seller in Plaintiff."

Mandatory intervention is governed by Rule 24(a) of the Federal Rules of Civil Procedure, which provides in relevant part:

> **(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). The United States Court of Appeals for the Third Circuit has held that a prospective intervener must satisfy a four-part test for intervention as of right, showing that (i)

2

the application for leave to intervene was timely, (ii) the prospective intervener has a sufficient interest in the underlying litigation, (iii) there is a threat that the prospective intervener's interest will be impaired or affected by the disposition of the underlying action, and (iv) the existing parties to the action do not adequately represent the prospective intervener's interests. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005). A prospective intervener must meet each of the these requirements. *Id*.

Rule 24 also provides for permissive intervention and permits a court, on timely motion, to allow anyone to intervene who has a claim or defense that shares a common question of law or fact with the main action Fed.R.Civ.P. 24(b)(1)(B). The Rule requires that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).

Timeliness is a factor for both mandatory and permissive intervention. *Delaware Valley Citizens' Council for Clear Air v. Com. of Pa.,* 674 F.2d 970, 973 (3d Cir. 1982). In determining the timeliness of an intervention motion, a district court considers three factors: (i) how far the proceedings have progressed when the movant seeks to intervene, (ii) the prejudice that delay may cause the parties, and (iii) the reason for the delay. *In re Fine Paper Antitrust Lit.,* 695 F.2d 494, 500 (3d Cir. 1982).

Notably, Portfolio Specialties has not provided any reason for the timing of its motion. A motion is timely filed in relation to "the point at which the applicant new, or should have known, of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174 (3d Cir. 1994). In its proposed Intervenor Complaint, Portfolio Specialties states that as early as February 2010 it had provided Applied Card with information regarding Plaintiff's portfolio, that in May 2010 Applied Card agreed to purchase the assets of Plaintiff, that thereafter Portfolio Specialities

continued to acquire additional information from Plaintiff necessary for the transaction to close (which was requested by Applied Card), and that the transaction did not close as a result of any error or omission on behalf of Portfolio Specialties. However, Portfolio Specialties has offered no explanation why it seeks intervention at this stage of the litigation, approximately ten (10) months after the complaint by Discount Payment was filed.

The Court finds that intervention would prejudice the Defendant by delaying the progress of this case. Defendant would have to respond to Portfolio Specialties' complaint, and analyze claims that may share some common facts with the underlying litigation but are based on a separate contract, all of which would delay the progress of this case.

Moreoever, regardless of whether the motion is timely, the Court also finds that Portfolio Specialties has failed to meet the third element of the test for mandatory intervention because to the extent Portfolio Specialties seeks to raise claims for which Plaintiff has no standing, i.e., claims arising under the Agreement between Portfolio Specialties and Applied Card, those claims will be not be affected by the outcome of this lawsuit and may be raised in a separate complaint.

For these reasons, the Court finds that Portfolio Specialties has failed to meet the requirements for mandatory intervention under Rule 24(a).

Likewise, the Court finds that permissive intervention is also not appropriate. Timeliness is a threshold issue for permissive intervention as well as intervention as of right. The court in its discretion considers whether the original parties share with the intervener common questions of law or fact, and whether the original parties will be prejudiced by the intervention. *McKay v. Heyison*, 614 F.2d 899, 906 (3d Cir. 1980). For the reasons stated supra, the Court finds that the Motion to Intervene was not timely. Moreover, also fatal is the fact that the Court also finds that

Portfolio Specialties has not established that its claims share common questions of fact or law with the underlying action other than to generally assert that the "facts, circumstances and occurrences surrounding the transaction to purchase the Portfolio Assets of [Plaintiff] by [Applied Card] are common. Mot. at ¶ 27. Based on the proposed Intervenor Complaint, it appears that Portfolio Specialties is asserting that it is entitled to a broker's fee regardless of whether Applied Card and Plaintiff agreed to terms on and closed the asset purchase. Portfolio Specialities is seeking damages on a separate and distinct contract, not the Letter of Intent which forms the basis for Plaintiff's claims in the underlying lawsuit.

For these reasons, the Court finds that Portfolio Specialties has failed to meet the requirements for permissive intervention under Rule 24(b).[1]

So **ORDERED** this 21st day of July, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

---

[1] Because the Court is denying the motion to intervene, it did not discuss the issue of whether permitting Portfolio Specialties to intervene would destroy this Court's diversity jurisdiction. Portfolio Specialties was required, as a limited liability company, to identify the citizenship of each of its members. While it has not done this, it does identify itself in the proposed Intervenor Complaint as a "Florida Limited Liability Company" with an address in Fort Walton Beach, FL. Defendant Applied Card is a citizen of both Delaware and Florida. Thus, intervention as Plaintiffs by Portfolio Specialties would destroy diversity and thus the Court's subject matter jurisdiction. It is also questionable whether Portfolio Specialities' request would have satisfied the contours of supplemental jurisdiction under 28 U.S.C. § 1367(a), in light of the fact that the Court has ruled that Portfolio Specialties' claims are not so related to the original action that they "form part of the same case or controversy" and 28 U.S.C. § 1367(b) specifically states that "district courts shall not have supplemental jurisdiction "over claims by persons … seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b).

cc:   James W. Pfeifer, Esquire
      McGuireWoods, LLP
      Email: jpfeifer@mcguirewoods.com

      F. Michael Ostrander, Esquire
      Woods Oviatt Gilman LLP
      Email: mostrander@woodsoviatt.com

      Warren B. Rosenbaum, Esquire
      Woods Oviatt Gilman LLP
      Email: wrosenbaum@woodsoviatt.com

      K. Issac deVyver , Esquire
      Reed Smith
      Email: kdevyver@reedsmith.com

      Abraham J. Colman, Esqiure
      Reed Smith LLP
      Email: AColman@reedsmith.com

      Jarrod Shaw, Esqiure
      Reed Smith LLP
      Email: jshaw@reedsmith.com

      Michael E. Flaherty, Esquire
      Karlowitz Cromer & Flaherty, P.C.
      Email: flahertylaw@msn.com