**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DISCOUNT PAYMENT PROCESSING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:  10-cv-1236 |
| | ) | |
| v. | ) | |
| | ) | |
| APPLIED CARD SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court are three related discovery motions:

(1)     APPLIED CARD SYSTEMS, INC.'S MOTION TO COMPEL (Document No.

52) and DISCOUNT PAYMENT PROCESSING, INC.'S RESPONSE IN OPPOSITION TO

DEFENDANT'S MOTION TO COMPEL (Document No. 54);

(2)     APPLIED CARD SYSTEMS, INC.'S MOTION TO COMPEL (Document No.

53) and the RESPONSE IN OPPOSITION OF DEPENDABLE PAYMENT PROCESSING,

INC. TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH RULE 45

SUBPOENA TO PRODUCE DOCUMENTS (Document No. 55); and

(3)     JOINT MOTION OF PLAINTIFF DISCOUNT PAYMENT PROCESSING,

INC. AND NON-PARTY DEPENDABLE PAYMENT PROCESSING, INC. TO QUASH

SUBPOENA AND MOTION FOR A PROTECTIVE ORDER, with brief in support (Document

Nos. 56 and 57) and APPLIED CARD SYSTEMS, INC.'S OPPOSITION TO JOINT MOTION

OF PLAINTIFF DISCOUNT PAYMENT PROCESSING, INC. AND DEPENDABLE

PAYMENT PROCESSING, INC. TO QUASH SUBPOENA AND MOTION FOR

PROTECTIVE ORDER (Document No. 61).

**Background**

Although the parties are familiar with the background of this case, a brief recitation of the background is necessary in order to put these discovery disputes in perspective. On August 8, 2011, Defendant Applied Card Systems, Inc. ("Applied Card") filed a Motion for Leave to Amend its Answer to add a counterclaim and add Dependable Payment Processing, Inc. ("Dependable") as a counterclaim defendant. The proposed counterclaim was based upon an alleged failure to disclose and/or concealment of certain information by Plaintiff Discount Payment Processing, Inc. ("Discount") during the Due Diligence Period following the parties having signed a Letter of Intent. Specifically, Applied Card alleged that Discount "purposefully failed to disclose and/or intentionally misrepresented" to Applied Card that the Minimum Fees required to market the Merchant Portfolio were comprised of fees generated by both Discount and Dependable. Thus, even though Applied Card stands firm in its position that no contract exists between the parties, to the extent that the Court determines that a contract does exist, Applied Card asserted that had the information about Dependable been disclosed, it would not have purchased the Merchant Portfolio or, in the alternative, Applied Card would have negotiated a purchase on different terms.

While the Motion for Leave to Amend was pending, on August 21, 2011, Applied Card deposed Thomas Shanley, the owner and principal officer of both Discount and Dependable. Mr. Shanley testified that he was the most knowledgeable person concerning the business and operations of both Discount and Dependable. He was questioned concerning both entities, the income volume of each entity, the existence and nature of processing contracts between each entity and First Data, and any inter-relationship between these two entities in the conduct of their

respective businesses.  The deposition extended over a seven (7) hour period, commencing at 9:30 AM and concluding at 4:52 PM.

On September 16, 2011, Applied Card issued a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action to Dependable, commanding that the requested documents be produced to attorneys for Applied Card on September 30, 2011 at 9:00 AM.

On September 20, 2011, the Court entered its Memorandum Opinion and Order in which the Motion for Leave to Amend was denied.  The Court found that Applied Card had failed to show good cause to allow the amendment, especially in light of the uncontested assertion that the information about the terms of the Marketing Agreement, including the involvement of Dependable, was known to Applied Card as of June 1, 2010, the day the parties signed the Letter of Intent.

On October 5, 2011, Applied Card filed a Motion to Compel in which it moved the Court for an order compelling Discount to (1) produce financial statements and residual reports from January 1, 2007 to December 31, 2008; (2) produce tax returns from 2007 through present; and (3) produce the unspecified documents which Discount has been withholding on the grounds of overbreadth. (Document No. 52).

The next day, on October 6, 2011, Applied Card filed a second Motion to Compel in which it moved the Court for an order compelling Dependable, a non party, to produce documents responsive to the subpoena for production of documents served upon it by Applied Card. (Document No. 53).

Four (4) days later, on October 10, 2011, Applied Card contemporaneously served upon Discount a Notice of Deposition under Rule 30(b)(6) and upon Dependable a separate deposition

subpoena.  Both the 30(b)(6) deposition notice and the deposition subpoena call for the giving of

testimony by Discount and Dependable on the same date, time and place, to wit:  October 21,

2011 at 10:00 AM in the offices of Reed Smith, 225 Fifth Avenue, Suite 1200, Pittsburgh, PA.

On October 14, 2011, Discount and Dependable filed the instant Joint Motion to Quash

Subpoena and Motion for a Protective Order (Document No. 56).

With that background in mind, the Court will now address the outstanding motions

seriatim.

### DISCOVERY AT ISSUE

A.      Motion to Compel Discount To Produce Documents (Document  No. 52)

Applied Card has served discovery requests upon Discount with regard to Discount's

claim for damages.  Specifically, Applied Card seeks discovery related to the value of the assets

(including the present day value of the assets) and Discount's financial condition in order to

properly assess Discount's alleged damages.  In response, Discount has produced numerous

documents with the exception of the following three categories of documents:   (1)  financial

statements and residual reports from January 1, 2007 to December 31, 2008; (2)  tax returns from

2007 through the present; and (3) unspecified documents which Discount has been withholding

on the grounds of overbreadth.

1. Request for Financial Documents.  Applied Card seeks financial information from

Discount for the period of January 1, 2007 to the present.  To date, Discount has produced all

residual reports from January 1, 2009 through July 2011.  Further, Discount has produced a

complete set of its internal financial statements by month and year for the period of January 1,

2009 through June 2011.  According to Discount, taken together, these documents provide

Applied Card with all of the financial information and records needed to determine the value of

Discount's Portfolio Assets and financial condition as of the date of the alleged breach, July 31, 2010, the closing date provided in the Letter of Intent.

According to the Complaint, the parties entered into a Letter of Intent on June 1, 2010. Applied Card was to complete its due diligence review on July 16, 2010, and the closing was to occur on July 31, 2010.   Discount has provided its financial records from January 1, 2009 through July 2011.  However, Applied also seeks financial information for the earlier time period of January 1, 2007 through December 31, 2008.  The Court agrees with Discount that the only relevant valuation date is July 31, 2010.  Accordingly, Applied Card's request for financial records for the period January 1, 2007 through December 31, 2008, is not relevant and is thus **DENIED**.

2. <u>Request for Tax Returns</u>. Applied Card has requested Discount's "U.S. and Pennsylvania tax returns for the period January 1, 2007 to present."  Discount has refused to produce its tax returns on the "grounds that [the request] is overly broad, unduly burdensome, and seeks information neither material nor relevant to any of the issues in this case, nor reasonably likely to lead to the discovery of admissible evidence."  Further, according to Discount, the information gleaned from the tax returns would not "be any more or better than the information already provided from the First Data residual reports and Discount's own financial books all of which have been produced for the period of July (sic) 1, 2009 to July 2011."  Interestingly, Discount points out that Applied Card never requested tax returns during the Due Diligence period under the Letter of Intent.

As the United States Court of Appeals for the Third Circuit has stated, "the public policy regarding disclosure of [tax return] contents is pertinent.  Congress has guaranteed that federal income tax returns will be treated as confidential communications between a taxpayer and the

government." *DeMasi v. Weiss*, 669 F.2d 1114, 119 (3d Cir. 1982) (citing I.R.C. § 6103). However, there is no hard rule that tax returns never have to be produced in discovery and courts have acknowledged that financial information should be disclosed when its relevancy to the case outweighs the intrusion to the privacy of the producing party.

In this case, Discount has produced all residual reports and a complete set of its internal financial statements by month and year for the period of January 1, 2009 through June 2011. It appears to the Court that these documents provide alternative sources of information related to the value of Discount.   Accordingly, the Motion to Compel production of tax returns is **DENIED.**

3. Documents Relating to Negotiations Discount Had With Other Parties to Sell Any Part of its Business.  Applied Card has requested "any documents relating to any party's offer to purchase all or any part of the 'Merchant Accounts and/or" Portfolio Assets or any party with whom [Discount] negotiated to sell any part of its business from January 1, 2007 to present." Discount objected to the request on the grounds that the request is "overly broad, unduly burdensome, seeks documents or information neither material or relevant to any of the issues in this action nor reasonably likely to lead to the discovery of admissible evidence, and, as framed is so vague as to be incapable of response."   However, Discount also responded that "notwithstanding said objections, and without waiving same, [Discount] will produce documents which it reasonably believes to be responsive to this request as they are kept in the normal course of its business."

With the exception of the further disclosure that Discount has already offered to provide in response to Applied Card's Third Request for Documents, the Motion to Compel "unidentified documents withheld" is **DENIED**.

B.      Motion to Compel Non-Party Dependable to Produce Documents (Document No. 53)

On September 16, 2011, Applied Card served a subpoena on Dependable in which it sought access to a variety of financial records of Dependable from January 1, 2009 to the present, including monthly and yearly financial statements and reports of sales volume, the identity of certain merchant accounts, the revenue generated from those accounts, the interplay between Dependable and Discount, and whether there were sales agents that worked for both Discount and Dependable.   Dependable objects to the requests in the subpoena and has refused to produce any documents.

As noted in the Memorandum Opinion which denied the Motion for Leave to Amend, it is not contested that the information about the terms of the Marketing Agreement, including the involvement of Dependable, was known to Applied Card prior to the expiration of the due diligence period.   However, Applied Card conducted no due diligence with respect to Dependable and never requested any documents which related to Dependable's business.  It appears to the Court, especially in light of the Motion for Leave to Amend being denied and Dependable not being added as a party to this lawsuit, that Applied Card is seeking documents through this subpoena which are not relevant and not reasonably likely to the lead to the discovery of admissible evidence.  Accordingly, this Motion to Compel is **DENIED.**

C.      Joint Motion to Quash Subpoena or Alternatively Motion for Protective Order (Document No. 56)

On October 10, 2011, Applied Card issued a Rule 30(b)(6) notice to take the deposition of a corporate designee of Discount.  At the same time, Applied Card served a subpoena for Dependable to testify at a deposition.  As Discount and Dependable have noted, the topics which

Applied Card intends to cover in both depositions are nearly identical.  They both seek information of Discount and Dependable for the period of January 1, 2007 to the present.

On August 23, 2001, Applied Card took the fact deposition of Thomas Shanley, the owner of both Discount and Dependable.  Discount has indicated that Thomas Shanley would be the Rule 30(b)(6) corporate designee for Discount, as well as the person to testify in response to the subpoena served upon Dependable.

The Joint Motion to Quash is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.      The Rule 30(b)(6) deposition of Discount by Thomas Shanley is limited to a duration of not more than four and one-half (4-1/2) hours;

2.      The Rule 30(b)(6) deposition shall cover only topics directly related to the finances of Discount, for the period January 1, 2009 through and including July 31, 2010;

3.      The topics listed in Paragraphs 3, 6, 7, 9, 10, 11, 12, 15, 16, 17, and 18 of the Rule 30(b)(6) deposition notice are stricken;

4.      The Rule 30(b)(6) deposition shall be taken on or before **November 15, 2011**; and

5.      The Deposition Subpoena served upon Dependable is **QUASHED.**

So **ORDERED** this 28th day of October,  2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     James W. Pfeifer, Esquire
        McGuireWoods, LLP
        Email: jpfeifer@mcguirewoods.com

        F. Michael Ostrander, Esquire
        Woods Oviatt Gilman LLP
        Email: mostrander@woodsoviatt.com

        Warren B. Rosenbaum, Esquire
        Woods Oviatt Gilman LLP
        Email: wrosenbaum@woodsoviatt.com

        K. Issac deVyver , Esquire
        Reed Smith
        Email: kdevyver@reedsmith.com

        Abraham J. Colman, Esquire
        Reed Smith LLP
        Email: AColman@reedsmith.com

        Jarrod Shaw, Esquire
        Reed Smith LLP
        Email: jshaw@reedsmith.com

        Michael E. Flaherty, Esquire
        Karlowitz Cromer & Flaherty, P.C.
        Email: flahertylaw@msn.com